IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WILSON RENE CHAVER MOLINA,    )
    )
    Petitioner,    )
    )
    v.    )    1:25-cv-2395 (LMB/WEF)
    )
PAMELA BONDI, et al.,    )
    )
    Respondents.    )

## ORDER

Petitioner Wilson Rene Chaver Molina ("Chaver"), a native and citizen of Honduras, has filed a seven-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since October 6, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates his due process rights (Counts One and Three), the Immigration and Nationality Act (Count Two), and the Admimistrative Procedures Act (Count Four). Beltran also brings a Suspension Clause claim (Count Six) and seeks a stay of removal (Count Five) and injunctive relief (Count Seven).

Chaver is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Chaver has sued Todd M. Lyons, Acting Director of ICE; Kristi Noem, the DHS Secretary; Pamela Bondi, the Attorney General; and Russell Hott, the Field Office Director of the ICE Washington Field Office (collectively, "the federal respondents").

For the reasons discussed in this Order, the Court finds that Chaver is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted as to Count One, and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Chaver, who is the beneficiary of a pending petition for U Nonimmigrant Status and Qualifying Relative filed by his mother, has resided in the United States since 2014, during which time he has "established strong family ties within the greater Prince George County area, graduated from high school, and enrolled in college." [Dkt. No. 1] at ¶¶ 3, 5, 14. Chaver was detained while driving to a convenience store and taken into custody at the Farmville Detention Center. Id. ¶¶ 2, 21.

Chaver filed his Petition for Writ of Habeas Corpus on December 19, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents filed a Notice stating that "the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta" and requesting that this Court "incorporate the

---

[1] Because the Court is granting relief on the due process grounds alleged in Count One, it need not address Chaver's arguments based on the Immigration and Nationality Act, the Administrative Procedures Act, the Suspension Clause, or any other argument he has raised in his Petition.

filings in Ceba Cinta into the record of this habeas action."[2]  [Dkt. No. 4] at 1.  Finding that oral

argument will not aid the decisional process, the Petition will be resolved on the papers

submitted.

## II.

The central question posed in Chaver's Petition is whether he is subject to mandatory

detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond

hearing under § 1226(a).  As the federal respondents argued in their Ceba Cinta opposition—

which has been incorporated into the record in this civil action—whether an individual is

detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained

after a lawful admission into the U.S. and those who are present without a lawful admission."

Ceba Cinta v. Noem, et al., No. 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025).  According

to the federal respondents, anyone in the United States who has not been admitted is subject to

mandatory detention under § 1225(b), and § 1226(a) applies only to those who have been given

legal status and subsequently placed into removal proceedings.  Id.  Therefore, they argue that

because Chaver has not been admitted "as a legal matter" into the United States, he is

inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under

§ 1225(a), and subject to mandatory detention under § 1225(b)(2).  Id.

---

[2] The Notice improperly lists Ms. Halligan as the United States Attorney and Special Attorney
for this district.  [Dkt. No. 7] at 2.  The Court does not recognize Ms. Halligan as being
authorized to represent the United States given the decisions in United States v. Comey, No.
1:25-cr-272, – F. Supp. 3d –, 2025 WL 3266932 (E.D. Va. Nov. 24, 2025), and United States v.
James, No. 2:25-cr-122, – F. Supp. 3d –, 2025 WL 3266931 (E.D. Va. Nov. 24, 2025), which
have been appealed but not stayed as of this date.  See also United States v. Giraud, Nos. 25-
2635 & 25-2636, – F.4th –, 2025 WL 3439752 (3d Cir. Dec. 1, 2025).

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as numerous district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, No. 25-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, No. 1:25-cv-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and adopts the findings and conclusions in Hasan into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that

---

[3] See, e.g., Gomes v. Hyde, No. 1:25-cv-11571, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, No. 25-11613, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, No. 25 Civ. 5937, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, No. 25-cv-3142, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, No. 5:25-cv-01789, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); Jacinto v. Trump, No. 4:25-cv-3161, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, No. 25 Civ. 6373, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, No. 1:25-cv-12052, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, No. 4:25-cv-31622025, WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, No. 4:25-cv-3158, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, No. CV 25-02157, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, No. 25-cv-11266, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, No. 25-cv-06921, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, No. 25-cv-02180, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, No. 4:25-cv-3172, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, No. 2:25-cv-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, No. 3:25-cv-10932025, WL 2472136 (W.D. La. Aug. 27, 2025).

a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner almost always has been granted bond.[4]

Chaver has been present in the United States since 2014. [Dkt. No. 1] at ¶ 14. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Chaver's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine

---

[4] See Vargas Nunez v. Lyons, et al., No. 1:25-cv-1574, Dkt. No. 12 (released on his own recognizance); Diaz Gonzalez v. Lyons, et al., No. 1:25-cv-1583, Dkt. No. 10 (same); Melendez v. U.S. Immigr. & Customs Enf't, et al., No. 1:25-cv-1622, Dkt. No. 14 (same); Perez Bibiano v. Lyons, et al., No. 1:25-cv-1590, Dkt. No. 10 (same); Guerra Leon v. Noem, et al., No. 1:25-cv-1634, Dkt. No. 14 (same); Hernandez Alfaro v. Simon, et al., 1:25-cv-2054, Dkt. No. 7 (same); Hernandez Contreras v. Lyons, et al., No. 1:25-cv-2053, Dkt. No. 8 (same); Egoavil-Rojas v. Noem, et al., No. 1:25-cv-2113, Dkt. No. 10 (same); Reyes Alvarez v. Crawford, et al., No. 1:25-cv-2148, Dkt. No. 8 (same); Maya Torres v. Crawford, et al., No. 1:25-cv-1891, Dkt. No. 12 (same); Salinas Hernandez v. Bondi, et al., No. 1:25-cv-2356, Dkt. No. 7 (same); Gomez Alonzo v. Simon, et al., No. 1:25-cv-1587, Dkt. No. 20 ($1,500 bond); Sanchez Saire v. Elliston, et al., No. 1:25-cv-1808, Dkt. No. 9 ($1,500 bond); Ortiz Martinez v. Noem, et al., No. 1:25-cv-1816, Dkt. No. 16 ($5,000 bond); Zelaya Arias v. Lyons, et al., No. 1:25-cv-1892, Dkt. No. 9 ($8,000 bond); Cabrera Gomez v. Noem, et al., No. 1:25-cv-1997, Dkt. No. 6 ($3,000 bond); Ceba Cinta v. Noem, et al., No. 1:25-cv-1818, Dkt. No. 13 ($1,500 bond); Rios Resendiz v. Lyons, et al., No. 1:25-cv-1872, Dkt. No. 16 ($8,000 bond); Hernandez-Salvador v. Bondi, et al., No. 1:25-cv-2001, Dkt. No. 7 ($1,500 bond); Flores Lazaro v. Simon, et al., No. 1:25-cv-2091, Dkt. No. 7 ($5,000 bond); Mata v. Bondi, et al., No. 1:25-cv-2089, Dkt. No. 9 ($5,000 bond); Nina Cayllahua v. Lyons, et al., No. 1:25-cv-2096, Dkt. No. 7 ($5,000 bond); Perez Amaya v. Lyons, et al., No. 1:25-cv-2051, Dkt. No. 10 ($1,500 bond); Hernandez Marquez v. Lyons, et al., No. 1:25-cv-2056, Dkt. No. 13 ($3,000 bond); Ordonez Argueta v. Bondi, et al., No. 1:25-cv-2192, Dkt. No. 10 ($5,000 bond); Castro Merida v. Noem, et al., No. 1:25-cv-2261, Dkt. No. 13 ($1,500 bond); Chavez Garay v. Perry, et al., No. 1:25-cv-2215, Dkt. No. 9 ($5,000 bond); Garcia Claros v. Lyons, et al., No. 1:25-cv-2275, Dkt. No. 8 ($5,000 bond); Leon Utrera v. Simon, et al., No. 1:25-cv-2273, Dkt. No. 7 ($5,000 bond); Damian v. Lyons, et al., No. 1:25-cv-2318, Dkt. No. 7 ($3,000 bond); Cabrera Hernandez v. Simon, et al., No. 1:25-cv-2288, Dkt. No. 7 ($1,500 bond); Chicas Tejada v. Lyons, et al., No. 1:25-cv-2109, Dkt. No. 9 ($25,000 bond); Mendoza Gonzalez v. Simon, et al., No. 1:25-cv-2260, Dkt. No. 8 ($4,000 bond). But see Funez Contreras v. Lyons, et al., No. 1:25-cv-1929, Dkt. No. 12 (bond denied); Martinez Villanueva v. Crawford, et al., No. 1:25-cv-2175, Dkt. No. 7 (same); Osorio Romero v. Noem, et al., No. 1:25-cv-2159, Dkt. No. 10 (same).

whether he poses a danger to the community, and whether he is a flight risk.  8 U.S.C. § 1226(a);

8 C.F.R. § 1236.1(d)(1).  Unless an Immigration Judge makes such a determination, Chaver's

continued detention is unlawful.

### III.

For all these reasons, Chaver's Petition, [Dkt. No. 1], is GRANTED, and it is hereby

ORDERED that Chaver be promptly released from custody, with all his personal

property, pending his bond hearing before an Immigration Judge.  Chaver must live at a fixed

address, which he must provide to the federal respondents; and it is further

ORDERED that respondents provide Chaver with a standard bond hearing before an

Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it

is further

ORDERED that respondents be and are ENJOINED from denying bond to Chaver on the

basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Chaver is granted bond, respondents be and are ENJOINED from

invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[5]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond

hearing, stating whether Chaver has been granted bond, and, if his request for bond was denied,

the reasons for that denial.

The Clerk is directed to enter judgment in Chaver's favor pursuant to Federal Rule of

Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 31st day of December, 2025.                              /s/ _____

                                                                     Leonie M. Brinkema
Alexandria, Virginia                                                 United States District Judge

---

[5] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process."  Hasan, 2025 WL 2682255, at *13.

6